The appellant's ineffective counsel issue based on appellant's lawyer's failure to enter a not guilty plea along with the not guilty by reason of insanity plea that was entered, has been determined by this court to have been a matter of strategy without setting out what the strategic benefit would be. This court then finds a lack of prejudice for such failure on the probability that the not guilty plea would not have been successful.
While I conclude that the failure to enter a not guilty plea, an unusual occurrence in itself, does not rise to the level of ineffective assistance of counsel in this case under Strickland
and Bradley, my reason for such conclusion is derived from R.C.2901.05(A) and the presumption of innocence contained therein. The state always has the burden to prove guilt beyond a reasonable doubt absent a plea of guilty. Because of such presumption, and notwithstanding the failure to enter a not guilty plea, or any plea other than not guilty by reason of insanity, see Crim.R. 11(A), the failure to enter a not guilty plea was not prejudicial to appellant. Thus, I concur in the result but for different reasons.